UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENDY A. FALLA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON RACKLEY, Warden,<br><br>　　　　Respondent. | No. 2:17-cv-00747 GEB AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I.　　Introduction

Petitioner, a state prisoner incarcerated at Folsom State Prison under the authority of the California Department of Corrections and Rehabilitation (CDCR), proceeds pro se and in forma pauperis with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See ECF No. 1. Petitioner challenges his ineligibility to earn good conduct credits for the period January 3, 2014 to March 15, 2016, when he was placed in security housing and reclassified "D-1" status based on his validation as an associate of the Mexican Mafia prison gang.

Pending before the court is respondent's motion to dismiss this action on the ground that petitioner commenced it beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). See ECF No. 23. Petitioner opposes the motion. ECF No. 26. Petitioner has moved to stay and abey this action pending the exhaustion of his state court remedies. ECF No. 18. Respondent opposes

petitioner's motion. ECF No. 24.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned finds that dismissal is warranted. The court recommends that respondent's motion to dismiss be granted, and petitioner's motion to stay and abey this action be denied.

II. Chronology

The following dates and matters are pertinent to the court's analysis:

Following entry of his guilty plea on November 8, 2013, petitioner was sentenced on December 17, 2013 to eleven years in state prison. See ECF No. 23-1 at 45-9.

On January 3, 2014, petitioner was placed in the Security Housing Unit (SHU) at Pelican Bay State Prison based on his validation as an associate of the Mexican Mafia prison gang. While not entirely clear from the record, it appears that petitioner was informed on January 9, 2014 that, due to his validation and SHU placement, he was accorded "D-2" classification status, rendering him ineligible to earn good conduct credits. On March 16, 2016, petitioner was released from the SHU, accorded "D-1" status, and again eligible to earn conduct credits. Hence, for the period January 3, 2014 through March 15, 2016, petitioner was unable to earn such credits.

On October 15, 2015, while housed in the SHU, petitioner submitted an inmate appeal (Appeal No. PBSP-15-2797) complaining that his D-2 classification and resulting inability to earn credits failed to give "full effect" to his plea bargain as reflected in his attorney's calculation of petitioner's actual sentence as "6.575 years with my 'credits' allowed." ECF No. 23-1 at 27-9. Petitioner requested that he be reclassified D-1 and accorded credits for his time in the SHU. First Level Review was bypassed. Id. at 27. On October 27, 2015, the appeal was dismissed as untimely at Second Level Review (SLR), for the following reasons, id. at 35:

> Your appeal has been cancelled pursuant to [Cal. Code Regs. tit. 15, §] 3084.6(c)(4). Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints. [¶] You are past the time limitation to appeal your D2 status as the D2 status was effective 1/3/2014. If you disagree with the cancellation you may challenge the cancelled appeal.

2

On November 19, 2015, petitioner submitted a new appeal (Appeal No. PBSP-15-03104) challenging the cancellation of his prior appeal (Appeal No. PBSP-15-2797). See ECF No. 23-1 at 23-5. The new appeal was administratively exhausted on Third Level Review (TLR) on April 14, 2016, after petitioner's release from the SHU. The TLR decision found that petitioner's prior appeal (Appeal No. PBSP-15-2797) had been properly dismissed at SLR because untimely submitted. See ECF No. 23-1 at 21-2. The TLR decision reasoned that petitioner "had 30 calendar days from January 9, 2014, to challenge the Institution Classification Committee that made him WG [Work Group]/Privilege Group [PG] 'D-2/D' effective January 3, 2014, but failed to do so." Id. at 21. See Cal. Code Regs. tit. 15, § 3084.8(b)(1) (a prisoner "must submit the appeal within 30 calendar days of . . . [t]he occurrence of the event or decision being appealed").

On May 13, 2016,[1] petitioner filed a petition for writ of habeas corpus in the Del Norte County Superior Court, asserting that his ineligibility to earn credits during his SHU placement violated the terms of his plea agreement. See ECF No. 23-1 at 1-54. On July 18, 2016, the Superior Court denied the petition by written order. See ECF No. 23-1 at 55-61 (DNCSC Case No. HCPB 15-5015). The Superior Court found the petition successive to an earlier habeas petition filed by petitioner (DNCSC Case No. HCPB 15-5066), which was denied for failure to exhaust administrative remedies and to provide required documentation regarding his entry of plea. Id. at 57. The Superior Court further found that petitioner had unjustifiably delayed commencing his administrative remedies (and therefore the filing of his petition) "for approximately two years and three months after his classification as a validated associate of a prison STG [Security Threat Group] on January 9, 2014," and then "failed to fully exhaust his administrative remedies regarding the outcome of the second level appeal regarding the cancellation of his extremely tardy appeal[.]" Id. at 58-9. The Superior Court also found that petitioner had again failed to provide adequate documentation, including transcripts

---

[1] Unless otherwise noted, the filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

demonstrating the terms of his plea bargain. Id. at 60. The Superior Court then "summarily denied" the petition for failure to state a prima facie case of entitlement to credits during petitioner's SHU placement. Id.

Petitioner did not further pursue these matters in the state courts.

On October 3, 2016, petitioner filed the instant federal habeas petition.

### III. The Parties' Arguments

Petitioner contends that his inability to earn conduct credits during his SHU placement violated the terms of his plea agreement, as reflected by the representations of his attorney. Respondent moves to dismiss this case on the ground that the petition was untimely filed after expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(D). Respondent contends that petitioner is entitled to neither statutory nor equitable tolling. See ECF No. 23.

Petitioner disputes the date on which the "factual predicate" for his claim was known or, with due diligence, should have been known under 28 U.S.C. § 2244(d)(1)(D), and hence the date for commencing the statute of limitations. Petitioner opposes respondent's motion to dismiss and seeks an order of this court staying and abeying this action while he exhausts his state court remedies. ECF Nos. 18, 26.

Respondent opposes petitioner's motion to stay and abey this action on the ground that such action "would be fruitless given that [petitioner] had already exceeded the limitation period when he filed his federal petition in November 2016." ECF No. 24 at 2.

### IV. Legal Standards

#### A. Motion to Dismiss

A respondent's motion to dismiss, after the court has ordered a response, is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989)). Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

B. Statute of Limitations

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For a state prisoner challenging a final administrative decision, this limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); see Shelby v. Bartlett, 391 F.3d 1061, 1063-65 (9th Cir. 2004) (citing Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003), and White v. Lambert, 370 F.3d 1002 (9th Cir. 2004)).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000). "An untimely petition, however, is not 'properly filed' pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitation." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)). "A California court's determination that a filing was untimely . . . is dispositive." Banjo, 614 F.3d at 968 (citing Carey v. Saffold, 536 U.S. 214, 225-26 (2002)).

There is no statutory tolling for the period between a final state court decision and the filing of a federal petition. Duncan v. Walker, 533 U.S. 167 (2001). Moreover, state habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the limitations period has already run).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). Petitioner bears the burden of proving application of equitable tolling. Banjo,

614 F.3d at 967 (citations omitted).

### C. Stay and Abeyance

A petitioner may seek a stay and abeyance of an unexhausted federal habeas claim or a fully unexhausted federal habeas petition upon demonstration that "'petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016) (quoting Rhines v. Weber, 544 U.S. 269, 278 (2005)).

### D. Conduct Credits Under California Law

Under CDCR regulations, an inmate placed in the SHU upon validation as a gang associate "is ineligible to earn credits" during the period of his SHU confinement. Cal. Code Regs. tit. 15, § 3043.4. This regulation implements California Penal Code 2933.6 (2010). See Nevarez v. Barnes, 749 F.3d 1124, 1126 (9th Cir. 2014) (per curiam) ("Section 2933.6 applies only prospectively, only to intervening conduct, and does not result in the forfeiture of credits already earned," and therefore does not implicate ex post facto considerations); accord, Porras v. Biter, 585 Fed. Appx. 675 (9th Cir. 2014); Duran v. Davey, 2016 WL 4524812, at *1 2016 U.S. Dist. LEXIS 11593, at *1 (E.D. Cal. Aug. 29, 2016).

## V. Analysis

### A. Factual Predicate and Commencement of Limitations Period

The limitations period for a state prisoner challenging an administrative decision commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Pursuant to this statute, respondent contends that the factual predicate for petitioner's claim was known by petitioner or, with reasonable diligence, should have been known on the date petitioner was placed in the SHU, January 3, 2014. See ECF No. 23.

Petitioner responds that he "couldn't have know[n] the plea bargain was affected by . . . entering the Ad-Seg on January 3, 2014, that he would be place[d] on D-2 status which barred him from earning his plea bargain credits." ECF No. 26 at 1. Petitioner contends that the date of the factual predicate should be September 23, 2015, when he went before the Institutional

6

Classification Committee (ICC) and learned of "all case factors" relevant to his sentencing. Petitioner avers that this is the date when he realized "his application and/or entitlement for percentage didn't follow him [to the SHU]" and his plea bargain would not be "honored." Id. at 4. Petitioner avers that he promptly commenced pursuing his administrative remedies at this time, submitting his first appeal on October 15, 2015.

"The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (citations omitted); see also, Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Although petitioner may not have learned of the change in his custody credit status until the September 2015 ICC meeting, with reasonable diligence he could have been aware of the change when he was validated and transferred to the SHU. Petitioner concedes he merely assumed these changes would not impact his credit earning eligibility until told differently at the ICC meeting convened nearly two years later. However, petitioner's gang validation and resulting SHU placement were sufficiently serious events that a reasonable inmate should have been aware of the possibility that custody credits might be affected. A reasonably diligent prisoner would have so inquired. Petitioner does not attempt to explain his failure to timely inquire about this specific matter or to request a pertinent review of his central file.[2]

For these reasons, the undersigned finds that January 3, 2014 is the date on which the factual predicate for petitioner's challenge to his loss of credit earning status was known or could have been discovered through the exercise of due diligence.[3] 28 U.S.C. § 2244(d)(1)(D).

---

[2] As observed by the Del Norte County Superior Court in denying petitioner's successive state habeas petition, ECF No. 23-1 at 59:
> [T]he Court finds that Petitioner has failed to include all necessary documentation. He failed to include copies of any administrative appeal of the STG classification. He failed to include any classification chronos from January 2014 to the present where he was classified as an active prion gang associate and subject to the mandates of Penal Code section 2933.6's in that such individuals are not entitled to behavioral credits. All these documents are available in the Petitioner's central file and available to him.

[3] The latest possible "trigger date" supported by the record is January 9, 2014, when at least one document indicates that petitioner was informed of his D-2 reclassification. The six day

B.     Running and Expiration of Limitations Period

The one-year limitations period commenced the following day, January 4, 2014. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Absent statutory or equitable tolling, this period expired one year later, on January 3, 2015.

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Petitioner's only relevant state court action was his May 13, 2016 petition for writ of habeas corpus filed in the Del Norte County Superior Court. However, this petition was filed more than a year *after* expiration of the limitations period on January 3, 2015. An untimely (and successive) petition is not "properly filed" under Section 2244(d)(2), and therefore fails to toll the statute of limitations. Pace, 544 U.S. at 410; Banjo, 614 F.3d at 968. For these reasons, petitioner is not entitled to statutory tolling.

Nor is petitioner entitled to equitable tolling. Equitable tolling is appropriately granted only when the circumstances surrounding delay are extraordinary and beyond a prisoner's control. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Petitioner has presented no basis for a conclusion that some extraordinary circumstance prevented him from complying with the statute of limitations despite his diligent pursuit of his rights. See Holland, 560 U.S. at 649.[4]

The instant federal petition was filed on October 3, 2016, nearly two years after expiration of the AEDPA deadline. It is therefore untimely and should be dismissed on that basis.

VI.     Petitioner's Motion for Stay and Abeyance

Because the petition is barred by the statute of limitations, there is no point in further exhaustion and petitioner is not entitled to a stay and abeyance. Further state court proceedings

---

difference has no effect on the timeliness calculation.

[4] In federal habeas petitions filed after expiration of the statute of limitations, the "miscarriage of justice" exception is limited to petitioners who can show, based on new reliable evidence, that a constitutional violation has probably resulted in the conviction of one who is actually innocent. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (citing Schlup v. Delo, 513 U.S. 298 (1995)). Petitioner has not made this showing.

would not change the fact that petitioner's claims are already time-barred in federal court.[5]

VIII. Conclusion

Accordingly, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss this action, ECF No. 23, be GRANTED;

2. Petitioner's motion to stay and abey this action, ECF No. 18, be DENIED; and

3. Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be DISMISSED because untimely filed under 28 U.S.C. § 2244(d)(1)(D).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: December 12, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[5] Moreover, the court notes that petitioner's claim appears to be substantively non-cognizable in federal court. A SHU placement rendering a prisoner ineligible to earn good conduct credits does not invariably affect the duration of his sentence, and therefore does not lie at the "core of habeas corpus" as required to support federal habeas jurisdiction. See Nettles v. Grounds, 830 F.3d 922, 934-35 (2016) (en banc).